**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**KYLE QL BROUNTIE,**

**Plaintiff,**

**v.** **Case No. 26-CV-558**

**MILWAUKEE COUNTY JAIL and**
**MILWAUKEE COUUNTY,**

**Defendants.**

---

## ORDER

---

On April 2, 2026, plaintiff Kyle QL Brountie, who is incarcerated and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Brountie was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He

must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On April 2, 2026, Brountie filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On May 20, 2026, the court ordered Brountie to pay the sum of $16.67 on or before June 19, 2026. (ECF No. 9.) Brountie paid the initial partial filing fee on June 15, 2026. The court will grant Brountie's first motion for leave to proceed without prepayment of the filing fee and allow him to pay the filing fee over time in the manner explained at the end of this order.

**SCREENING OF THE COMPLAINT**

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must

contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Allegations and Analysis*

Brountie alleges that, he while he was incarcerated as a pretrial detainee in the Milwaukee County Jail, he was fed food with cockroaches in it and became both physically and mentally ill. (ECF No. 1 at 2.) He also states that food service at the Jail was generally unsanitary. (*Id.* at 3.)

Brountie potentially alleges a claim. However, he cannot simply name the institution as a defendant. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the

individual defendant caused or participated in a constitutional deprivation." *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). Because §1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), a plaintiff must specifically allege what each individual defendant did (or did not do) to violate his constitutional rights. While there are some instances where a municipality can be sued, an institution like the Milwaukee County Jail does not qualify because the Milwaukee County Jail "is not a legal entity separable from the county government which it serves," and is therefore not subject to suit under §1983. *Whiting v. Marathon County Sherriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004).

Brountie also names Milwaukee County as a defendant. A plaintiff may sue a municipality or county where a constitutional violation was a result of a municipal policy or custom. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-691 (1978)). This includes "governmental customs" that result in constitutional violations even though the "custom has not received formal approval through the body's official decision-making channels." *Id.* Brountie does not allege that there was a policy in place that resulted in a constitutional violation.

For these reasons, Brountie fails to state a claim upon which relief may be granted. The Seventh Circuit has emphasized, however, that the district court generally must afford a plaintiff at least one opportunity to amend his complaint.

*See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Brountie so chooses, he may file an amended complaint by **October 30, 2026.** He should specify which individual jail staff members were responsible for his alleged unconstitutional confinement. If Brountie does not know the name of the defendant who allegedly violated his rights, he may identify them as "John Doe" or "Jane Doe." If his amended complaint is allowed to proceed, Brountie will have an opportunity to conduct limited discovery to determine the defendants' identities. If he wants to proceed with a claim against the County, he should detail what specific policies the County had in place that violated his rights.

If an amended complaint is received, the court will screen it as required by 28 U.S.C. § 1915A. If an amended complaint is not received, the court will dismiss the action because the current complaint does not state a claim. The court will enclose an amended complaint form along with this decision. Brountie must use the form. If he needs more space, he may attach up to five additional pages. Brountie is advised that an amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint or any supplements. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Brountie's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before **October 30, 2026,** Brountie may file an amended complaint. If the court does not receive an amended complaint by the deadline, it will dismiss this action based on the current complaint's failure to state a claim. The court will also issue Brountie a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Brountie shall collect from his institution trust account the $333.33 balance of the filing fee by collecting monthly payments from Brountie's prison trust account in an amount equal to 20 percent of the preceding month's income credited to Brountie's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Brountie is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brountie is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Brountie is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Brountie is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Brountie's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Brountie may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 30th day of September, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge