# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KYLE QL BROUNTIE,**

**Plaintiff,**

**v.** **Case No. 26-CV-558**

**MILWAUKEE COUNTY,**
**DENITA R. BALL,**
**JOHN AND JANE DOES,**

**Defendants.**

---

## ORDER

---

On October 1, 2026, the court screened *pro se* plaintiff Kyle QL Brountie's complaint and determined that it did not state a claim upon which relief may be granted. (ECF No. 10.) However, the court gave Brountie an opportunity to file an amended complaint. On October 28, 2026, Brountie submitted an amended complaint, which the court now screens.

The court has jurisdiction to screen the complaint in light of Brountie's consent to the full jurisdiction of a magistrate judge and the Milwaukee County's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between Milwaukee County and this court.

## SCREENING OF THE AMENDED COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the

United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Brountie's Allegations*

Brountie alleges that over a 12-month period from June 2025 through June 2026 he received only two-to-three hours out of his cell on a daily basis over a three-to-four day period. (ECF No. 1 at 3-4.) Specifically, he did not get more than three hours of time outside his cell from June 21 through June 23, 2025; March 15 through March 17, 2026; and June 13 through June 15, 2026. (*Id.* at 2.) He states that the lack of time outside of his cell is because Milwaukee County Jail is short-staffed. (*Id.* at 3.)

*Analysis*

Brountie claims that the defendants have violated his constitutional rights because the time outside his cell has been reduced to two-to-three hours daily. Although it is unclear from the amended complaint according to the Wisconsin Circuit Court Access site Brountie is a pretrial detainee (https://wcca.wicourts.gov).

Because Brountie is a pretrial detainee, his claim is governed by the Due Process Clause of the Fourteenth Amendment. As such, Brountie cannot be subject to conditions of confinement that amount to punishment. *See Hardeman v. Curran,*

933 F.3d 816, 822 (7th Cir. 2019). Brountie, however, does not allege that his conditions of confinement amount to punishment and are therefore unconstitutional. Brountie alleges that he still received a few hours a day outside of his cell, and his chief complaint is that he did not receive the hours that were traditionally given to inmates at the Jail. Courts in this district have held that it is not a constitutional violation for pretrial detainees to occasionally not receive any time outside their cell as long as it did not amount to punishment. *See Gilmore v. Anderson*, Case No. 22-C-30, 2022 WL 16798228 at *2 (E.D. Wis. Oct. 5, 2022); *Torres v. Milwaukee Cnty. Jail*, No. 14-cv-1454, 2015 WL 3872325 at *2 (E.D. Wis. June 22, 2015). Brountie alleges that he received more than an hour a day, which is the typically constitutionally-mandated amount. S*ee Gilmore*, 2022 WL 16798228 at *2., He also alleges that the reduced time was because of staffing shortages and does not "suggest that the denial of his [time outside his cell] was intended or acted as a punishment for something he had done." *Id.* As such, he fails to state a claim.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Brountie has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 17th day of November, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge